UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN HAMPSON,<br><br>      Plaintiff,<br>-vs.-<br><br>STATE FARM MUTUAL AUTO<br>INSURANCE CO.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION #1:12-cv-00258<br>)   BKS/CFH<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST SET OF MOTIONS IN LIMINE

Plaintiff, Dawn Hampson, by her attorney, Ronald J. Kim, Esq. hereby files the following Motions In Limine:

**1)  MOTION TO EXCLUDE SOCIAL SECURITY DISABILITY DETERMINATION AND PLAINTIFF'S RECEIPT OF BENEFITS**

Plaintiff moves this Court, pursuant to Fed. R. Evid. 402 and applicable caselaw, to preclude the defendant, State Farm Mutual Auto Insurance Co., from introducing any evidence, including all documents, records and submissions made in connection with the Plaintiff's claims for Social Security Disability Insurance ("SSDI"), Supplemental Security Income ("SSI"), and/or unemployment compensation, including but not limited to the following documents:

- Documents Bate Stamped: P000418 to P000480
- Social Security Administration Letter date August 12, 2015
- 2013 Form SSA-1099
- 2014 Form SSA-1099

Whether plaintiff filed a claim for SSDI and received benefits has no bearing on the ultimate issue in this case--whether the defendant failed to reasonably accommodate her disability/serious medical condition and thereby violated the Americans with Disabilities Act as

amended, (42 U.S.C. §12110 *et. seq.* "ADA") and the New York State Human Rights Law, (N.Y. Exec. Law §296 ("NYSHRL".)   The aforementioned hearsay documents contain misleading and highly prejudicial information regarding Ms. Hampson's disability that is based on a legal standard that has no bearing on this dispute, that will only result in jury confusion.   Moreover, evidence of Ms. Hampson's subsequent receipt of SSDI benefits should be barred by the collateral source rule.

### A. Hampson's Social Security Disability Determination Would be Highly Prejuidical

Hampson's illegal termination from State Farm occurred on April 20, 2011.   Shortly thereafter, on or about May 30, 2011, Ms. Hampson applied for SSDI and was eventually awarded benefits after an interview and medical examination.   On or about March 20, 2012, Hampson began work as a File Clerk for Saratoga Nissan and reported this work and income to the Social Security Administration.

It is well established that the legal standard for a disability determination by Social Security is different from the legal standard for the ADA and NYSHRL.   A claimant is disabled under the Social Security Act if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   *Mitchell v. Washingtonville Cent. Sch. Dist.*, 992 F. Supp. 395, 405-406 (SDNY 1998) (*citing* 42 U.S.C. §423(d)(1)(A)).   Significantly, "[u]like the ADA, the Social Security Act does not address the effect of reasonable accommodation on the individual's claim." Id.   In comparing these two disability definitions, the Second Circuit has pointed out: "…the Supreme Court has held that the pursuit and receipt of Social Security disability benefits, without more,

neither estops the recipient from pursuing an ADA claim nor creates any special presumption against the recipient showing, for purposes of the an ADA action, that with reasonable accommodation, he or she could perform the essential functions of the job."   *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1. 6-7 (2nd Cir. 1999) (*citing Cleveland v. Policy Mgmt. Sys. Corp.*,   526 U.S. 795 (1999).

Hampson's claim is that the defendant failed to provide the requested reasonable accommodation of periodic telecommuting and/or an interactive dialogue about possible reasonable accommodations to her disability and instead terminated her.   To succeed on her claim, Hampson must show that she could have performed the essential functions of her job at the time of her termination if the defendant had granted her requested reasonable accommodation. This is a very different standard from the one utilized by Social Security and thus its determination, several months after Hampson's illegal termination, is not probative of whether Hampson could perform the essential functions at State Farm with the reasonable accommodation of periodic telecommuting.

There is a substantial risk of undue prejudice to Hampson if the Social Security records are admitted at trial as they will confuse the jury.   *The* issue is whether Ms. Hampson could perform the essential functions with a reasonable accommodation at State Farm.   The defendant's use of these Social Security records to create in the mind of the jury that Hampson is unable to work, and thus cannot make out a claim under the ADA and NYSHRL would be prejudicial in the absence of any probative value.

Finally, these records should be excluded pursuant to Fed. R. Evid. 403 in that they are hearsay.   As stated above, no where in the application for SSDI, does Hampson state that she is

unable to work at State Farm with or without a reasonable accommodation so her application is not a party admission.   Moreover, since no other exception to the hearsay rule applies, they are inadmissible.

### B. Hampson's Receipt of SSDI Benefits is Barred by the Collateral Source Rule

Similarly, use of this evidence for purposes of mitigating a damage award against the defendant is irrelevant and prejudicial, and this Court should bar it from the trial, as the Supreme Court has warned, "…evidence of collateral source is readily subject to misuse by a jury." *Eichel v. New York Central R.R. Co.*, 375 U.S. 253, 255, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), *citing Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34 (1963).   New York Courts have consistently held that "Social Security disability benefits and funds from other similar government programs do not offset tort liability."   *Rofail v. United States*, 2009 U.S. Dist. LEXIS 51540 (EDNY, June 18, 2009.); *Siracuse v. Program for the Dev of Human Potential*, No. 07-CV-2205, 2012 WL 1624291 at 15 (EDNY, April 30, 2012).   The Courts have ruled that Social Security benefits are not admissible for the purpose of being set off in the calculation of damages for lost earnings.   *Mills v. Energy Transportation Corp.*, 29 Fed. Appx. 744, 745 (2nd Cir. 2002); *see also Nagi v. Sea-Land Service, Inc.*, 1988 U.S. Dist. LEXIS 12706 (SDNY, Nov. 14, 1988.)   The rationale for this "collateral source rule" is simple: "…the benefits received under such a system of social legislation are not directly atributable to the contributions of the employer, so they cannot be considered in mitigation for the damages caused by the employer."   *Eichel v. New York C.R. Co.*, 319 F.2d 12, 17 (2nd Cir. 1963) (*reversed on other grounds.*)

Beyond the collateral source rule, evidence of Hampson's receipt of Social Security

benefits is also not relevant to this trial of employment discrimination. Accordingly, the defendant should be precluded at the time of trial from offering any evidence of or reference to collateral source payments received by Hampson after her termination, including, *inter alia:*

- Unemployment benefits received by Hampson
- Social Security benefits received by Hampson

### 2) MOTION TO INCLUDE DAWN HAMPSON'S MEDICAL RECORDS AND DR. MERECKI AND DR. TOLGE'S TESTIMONY

State Farm has refused to stipulate that Hampson is disabled within the meaning of the ADAA nor even to the admission of relevant medical documents under the business record exception. Hampson now seeks an order allowing both the trial (or deposition testimony—if not available for trial) of Hampson's attending general practitioner, Dr. Eugene Merecki and her neurologist, Dr. Bruno P. Tolge. The primary focus of their testimony will be Hampson's medical diagnosis of migraine headaches. In addition, Hampson also seeks an order admitting her previously produce medical records pursuant to the business records exception. Fed. R. Evid. 803(6)(B). The records should be admitted without objection and are identified in Plaintiff's Exhibit List. *See Rodriguez v. Village Green Realty, Inc.*, 13-4792-CV, (2nd Cir., June 2, 2015).

### 3) MOTION TO INCLUDE EVIDENCE OF DAWN HAMPSON'S EMOTIONAL STRESS DAMAGES AND MEDICAL DIAGNOSIS

It is well settled that a plaintiff is competent to testify to "garden variety" or "lay" emotional distress and Hampson should be permitted to do so at trial. *Jarrar v. Harris*, 2008 U.S. Dist. LEXIS 57307 (EDNY July 25, 2008). Plaintiff should be allowed to testify consistent with this well-settled doctrine. These records are noted in the Plaintiff's Exhibit

List.

### 4) MOTION TO INCLUDE DEPOSITION TRANSCRIPTS OF LORI ERCOLINI AND RENE STREICHER IF UNAVAILABLE AT TRIAL

The plaintiff previously deposed Lori Ercolini and Rene Streicher on or about November 6, 2013. Copies of their respective transcripts have been previously submitted to this Court as part of the plaintiff's opposition to defendant's motion for summary judgment. <u>See Docket at #31 (#9 Streicher) and #39 (Ercolini).</u> If these witnesses are not available for trial on September 21, 2015, the plaintiff moves to include their deposition testimony as follows:

Streicher Deposition:
- Pg 9      Ln 22-24
- Pg 10     Ln 1-19
- Pg 11     Ln 10-22
- Pg 13     Ln 5-20
- Pg 14     Ln 4-11
- Pg 15     Ln 10-13
- Pg 18     Ln 24
- Pg 19     Ln 1-4
- Pg 21     Ln 7-15
- Pg 23     Ln 19-24
- Pg 24     Ln 1-4

Ercolini Deposition:
- Pg 6      Ln 6-16
- Pg 7      Ln 1-20
- Pg 8      Ln 9-23
- Pg 9      Ln 1-24
- Pg 10     Ln 1-18
- Pg 11     Ln 8-24
- Pg 12     Ln 1-3
- Pg 12     Ln 14-16
- Pg 13     Ln 9-13
- Pg 14     Ln 1-24
- Pg 15     Ln 1-24
- Pg 16     Ln 1-24
- Pg 17     Ln 1-24

- Pg 18      Ln 1-24
- Pg 19      Ln 1-12
- Pg 20      Ln 3-24
- Pg 21      Ln 1-24
- Pg 22      Ln 1-24
- Pg 25      Ln 16-23

As these transcripts show, both witnesses have relevant, probative testimony for the jury. Both will testify that they periodically worked from home on laptops provided by State Farm for the express purpose of allowing its employees to periodically telecommute. Even more significant, Ercolini will testify that State Farm approved her request to work from home for an extended period of time during her Mother's illness. In addition, both will testify that their work and the work performed by Dawn Hampson as a Claims Representative was primarily accomplished using a computer and telephone. Finally, Ercolini will testify that her current supervisor, supervises her remotely and she has even received her performance evaluations via remote teleconferencing hookup, rather than in person.

### 5) MOTION TO INCLUDE EMAILS FROM STATE FARM EMPLOYEES, MARK JOHNSON, LORI LIVINGSTON AND DENISE LASHLEY

Hampson received several emails from State Farm employees regarding her work performance almost right up to the time she was illegally terminated. These emails demonstrate that Hampson was a productive, capable Claims Representative and are relevant probative and admissible. Each of these emails was sent by a State Farm employee to Dawn Hampson in their respective capacities as employees of the defendant and each was authorized to send the emails.

These emails should be admitted on the following grounds. First each is an admission pursuant to Fed. R. Evid. 801(d)(2) in that State Farm's major defense in this case is that

Hampson was unreliable. Each of these emails, sent by an employee/agent of State Farm is relevant and probative on State Farm's defense, as they review Dawn Hampson's performance at and near the time that she was being told by her direct supervisor that she was "unreliable." In addition to this exception to the hearsay rule, these records are admissible under the business records exception in that each was kept in the course of State Farm's regular business and making the record was its regular practice. Fed. R. Evid. 803(6)(B). Finally, each of these emails also is admissible either under the present sense exception or excited utterance exceptions to the hearsay rule. These emails are effectively commenting on Hampson's job performance within a short period after she did the work. Each one of these State Farm employees is contemporaneously exclaiming via email, about the quality of Hampson's ability, right after she worked for them in their respective groups. Under Fed. R. Evid. 803(1) and (2) this qualifies as an exception to the hearsay rule either as a present sense impression and/or excited utterance and is thus admissible for the truth of the matter asserted. *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 569-570 (D. Md. 2007); *United States v. Ferber*, 966 F. Supp. 90 (D. Mass 1997). Accordingly, the following emails should be admitted:

> -Email from Mark Johnson to Dawn Hampson dated September 8, 2009. See Docket at #30, #3.
> -Email from Mark Johnson to Dawn Hampson dated February 12, 2010. See Docket at #30, #4.
> -Email from Lori Livingston to Dawn Hampson dated June 30, 2010. See Docket at #30, #5
> -Email from Lori Livingston to Dawn Hampson dated July 19, 2010. See Docket at #30, #6.
> -Email from Denise Lashley to Dawn Hampson dated July 28, 2010. See Docket at #30, #7.
> -Email from Mark Johnson to Dawn Hampson dated July 28, 2010. See Docket at #30, #8.

### 6) MOTION TO EXCLUDE ANY EVIDENCE THAT THE DEFENDANT WAS NOT AWARE OF MS. HAMPSON'S DISABILITY/SERIOUS MEDICAL CONDITION.

This Court held in its Decision and Order dated March 26, 2015: "It is undisputed that Plaintiff provided State Farm with documentation of her disability in connection with her requests for FMLA leave, and that Diaz was aware that Plaintiff had a "serious medical condition," which he referenced in a first draft of his memorandum recommending termination of Plaintiff's employment. (*See* SMF, ¶¶ 17-18; Dkt. No. 30-21)." In light of this holding and the defendant's clear waiver, the Plaintiff requests that State Farm be precluded from offering any evidence or arguing to the jury that it was not aware of Hampson's disability/serious medical condition.

### 7) MOTION TO EXCLUDE ANY EVIDENCE THAT HAMPSON FAILED TO FILE THE APPROPRIATE WRITTEN APPLICATION REQUESTING THE REASONABLE ACCOMMODATION OF PERIODIC TELECOMMUTING

The defendant asserts as a defense that Hampson never filed a formal written request, pursuant to its "Accommodation Request Process" which is comprised of several forms that are eventually submitted to a "Accommodation Request Committee." However, as this Court has held as a matter of law: "An employee does not have to use any particular words in order to request an accommodation; it is enough, under both the ADA and the NYSHRL, for the employee to make the employer aware of his or her disability and to ask whether an accommodation can be made." Docket #40 at 24 *citations omitted.* Since as a matter of law, Hampson was not required under either the ADAA or the NYSHRL to file a specific written application created by State Farm to receive a reasonable accommodation for her disability, this defense is irrelevant, immaterial and unduly prejudicial without any probative value.

Accordingly, this Court should exclude any evidence, including but not limited to testimony or references in the opening or closing to the fact that Hampson did not file a formal written application requesting a reasonable accommodation.

### 8) MOTION TO EXCLUDE ANY EVIDENCE THAT HAMPSON'S PROPOSED ACCOMMODATION WOULD HAVE BEEN AN UNDUE HARDSHIP

This Court's decision and order held that State Farm "has not presented any argument or adduced any evidence on the issue of undue hardship." Docket #40 at 28.   Defendants have clearly waived this defense and the plaintiff moves to exclude any and all evidence of undue hardship proffered by State Farm at trial.

### 9) MOTION TO EXCLUDE ANY INFORMATION ABOUT CLAIMS THAT WERE DISMISSED BY THIS COURT AT SUMMARY JUDGMENT

Plaintiff moves to preclude the defendant and its attorneys from mentioning the dismissal of any claims/causes of action by this Court as a result of its Decision and Order dated March 26, 2015.   Any such information would be irrelevant, unduly prejudicial without any probative value and confuse the jury.

September 7, 2015

RONALD J. KIM
#511156
Attorney for the Plaintiff
Law Offices of Ronald J. Kim
PO Box 318
Saratoga Springs, NY 12866
TEL: (518) 581-8416
FAX: (518) 583-9059
EML: ron@ronaldkimlaw.com
WEB: www.ronaldkimlaw.com