UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAWN HAMPSON,** | Civil Action No.: 12-cv-0258 (BKS/CFH) |
| **Plaintiff,** | Hon. Brenda K. Sannes, U.S.D.J. |
| v. | |
| **STATE FARM MUTUAL AUTO INSURANCE COMPANY,** | |
| **Defendant.** | |

**SUPPLEMENTAL MEMORANDUM OF LAW
ON IN LIMINE ISSUES AND INTERACTIVE PROCESS**

 

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant
State Farm Mutual Auto Insurance Company

570 Broad Street
Suite 1500
Newark, New Jersey  07102
(973) 565-2018

Francis X. Dee,
   Of Counsel and
   On the Brief.

Stephen F. Payerle,
   On the Brief.

– and –

88 Pine Street
24th Floor
New York, New York 10005
(212) 483-9490

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT

    POINT I

    PLAINTIFF CANNOT EXCLUDE EVIDENCE OF HER SOCIAL SECURITY
    DISABILITY APPLICATION, DETERMINATION, AND BENEFITS ...........................1

    POINT II

    PLAINTIFF SHOULD NOT BE PERMITTED TO PRESENT
    WITNESSES WHOSE TESTIMONY WOULD NOT BE RELEVANT
    AND WOULD CAUSE CONFUSION ..................................................................................2

        A.       The Proposed Testimony of Ercolini and Streicher ................................................2

        B.       The Proposed Testimony and Emails Thanking
                Plaintiff for Assistance ............................................................................................3

    POINT III

    PLAINTIFF CANNOT EXCLUDE EVIDENCE THAT SHE FAILED TO
    PURSUE STATE FARM'S ADA ACCOMMODATION REQUEST PROCESS ............4

CONCLUSION ............................................................................................................................7

**PRELIMINARY STATEMENT**

Defendant, State Farm Mutual Automobile Insurance Company, Inc. ("State Farm"), submits this Supplemental Memorandum of Law in further response to the Court's direction, at the Final Pretrial Conference on October 14, 2015, permitting additional arguments to be submitted regarding *in limine* issues by October 21, 2015.

**ARGUMENT**

**POINT I**

**PLAINTIFF CANNOT EXCLUDE EVIDENCE OF HER SOCIAL SECURITY DISABILITY APPLICATION, DETERMINATION, AND BENEFITS**

At the October 14, 2015 Pretrial Conference, the Court permitted Plaintiff to submit any additional argument regarding the admissibility of her Social Security disability application, determination, and benefits. The Court also extended the same opportunity to State Farm.

State Farm has set forth in its original brief in opposition to Plaintiff's *in limine* motions multiple grounds on which Plaintiff's Social Security application, determination, and benefits are admissible *even if* these benefits did not offset any claim for back pay and front pay. Supreme Court, Second Circuit, and other cases clearly establish the relevance and admissibility of this evidence to both liability and mitigation issues. (*See* Defendant's Mem. of Law in Opp. to Plaintiff's *In Limine* Motions at pp. 2-7).

In addition, Plaintiff's argument that Social Security benefits can never be offset against back pay or front pay is incorrect. As addressed at the Pretrial Conference[1], the Second Circuit has clearly stated that a district court has the discretion to offset collateral benefits against back pay or front pay. *See Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir.1997). *See also*

---

[1] And as also set forth in the footnote that was inadvertently cut off in State Farm's original brief in opposition to Plaintiff's *in limine* motions (at p. 4, n. 1).

*Flowers v. Komatsu Min. Systems, Inc.*, 165 F.3d 554, 558 (7th Cir. 1999) (approving exercise of discretion to offset back pay under ADEA by Social Security disability payments received during the back pay period). Further, Plaintiff should not be able to recover back pay or front pay at all for periods during which she was unable to work or restricted in her ability to work as reflected in her receipt of Social Security disability benefits. (*See* Defendant's Mem. of Law in Opp. to Plaintiff's *In Limine* Motions at pp. 3-4).

## POINT II

### PLAINTIFF SHOULD NOT BE PERMITTED TO PRESENT WITNESSES WHOSE TESTIMONY WOULD NOT BE RELEVANT AND WOULD CAUSE CONFUSION

**A.     The Proposed Testimony of Ercolini and Streicher**

The Court also permitted State Farm to file any further arguments regarding the admissibility of the testimony of witnesses Lori Ercolini and Rene Streicher. Plaintiff essentially seeks to use Ms. Ercolini and Ms. Streicher as comparators with respect to her claim that she should have been permitted to work from home.

Plaintiff, however, has not and cannot establish a foundation for the relevance, and, therefore, admissibility, of their testimony. Testimony by Ms. Ercolini and Ms. Streicher is not probative on the issue for which it is offered -- *i.e.*, to demonstrate that telecommuting was feasible and consistent with the responsibilities of an Auto Claim Representative such as Plaintiff. Their own testimony establishes beyond dispute that they did not perform the essential, daily functions of an Auto Claim Representative by telecommuting. (*See* Defendant's Mem. of Law in Opp. to *In Limine* Motions at pp. 11-12). Indeed, Ms. Ercoloni telecommuted for a period of time but was not an Auto Claims Representative and had materially different responsibilities. (*Id.*) Ms. Streicher did not telecommute. Neither of them, for example, worked

2

at home on the phone path that is an essential part of the Auto Claim Representative's daily responsibilities.  Ms. Ercolini and Ms. Streicher, therefore, are not similarly situated to Plaintiff in material respects and, accordingly, their testimony is not relevant and should be excluded.  *See*, *e.g.*, *Mobasher v. Bronx Community College*, 269 Fed.Appx. 71, 74-75 (2d Cir. 2008).

Without this necessary foundation of relevance, any admission of testimony by Ms. Ercolini or Ms. Streicher can only cause undue confusion and prejudice.  This testimony, therefore, should be excluded under Rule 402 or Rule 403.

**B.      The Proposed Testimony and Emails Thanking Plaintiff for Assistance**

The Court also addressed at the Pretrial Conference Plaintiff's intent to call witnesses and introduce emails from them thanking Plaintiff or stating that she did a good job when providing temporary assistance to another group.  Plaintiff identifies three such witnesses:  Mark Johnson, Lori Livingston, and Denise Lashley.  None of these individuals was Plaintiff's manager or was in any way involved in addressing her absences or in the recommendation for the termination of her employment.

The proposed testimony of these witnesses, and the emails sent by them are not relevant to the issues in this case and, therefore, should be excluded under Rule 402.  Evidence is relevant only if it is probative of a fact that "is of consequence in determining the action."  Fed. R. Evid. 401(b).  Here, Plaintiff's proffered relevance of the testimony by these witnesses and their emails is that it relates to Plaintiff's performance.  Plaintiff, however, has not and cannot make any proffer that this evidence would relate to the only aspect of Plaintiff's performance that is at issue in this case and that relates to the termination of her performance:  her lack of regular and reliable attendance.  The recommendation to terminate Plaintiff's employment makes this clear:

> This recommendation is *based on Dawn's inability to maintain regular and reliable attendance* which has impacted her ability to

>perform the functions of an Auto Claim Representative at the expected level, provide quality customer service and maintain an owned claim inventory.

(Exh. D-17; previously submitted at Docket No. 27-3, Exh. N).  No issue has been presented in this case regarding Plaintiff's performance on the job while she was in attendance and working – the reason proffered by Plaintiff for the admission of the proposed testimony and emails of these three witnesses.  Therefore, this proposed evidence is not relevant to any material issue at trial and should be excluded.

Further, the introduction of this evidence would carry a high likelihood of confusion and prejudice.  That likelihood arises specifically because, as explained above, this evidence addresses an aspect of performance that does not relate to the reasons for the termination of Plaintiff's employment.  Such evidence likely will mislead or distract a jury from the only performance issue presented in this case:  Plaintiff's ability to maintain regular and reliable attendance.  Any probative value of this evidence is minimal (if there is any at all) and plainly outweighed by this likelihood of confusion and resulting prejudice.  Even if this evidence were not excluded under Rule 402, therefore, it should be excluded under Rule 403.

## POINT III

### PLAINTIFF CANNOT EXCLUDE EVIDENCE THAT SHE FAILED TO PURSUE STATE FARM'S ADA ACCOMMODATION REQUEST PROCESS

In support of her motion to exclude the incontrovertible evidence that she failed to pursue State Farm's ADA Accommodation Request Process, Plaintiff's counsel repeatedly asserted at the Pretrial Conference that "the law is clear" that an employee cannot be required to follow an employer's established process for seeking an accommodation.  Plaintiff, however, cited no authority for this proposition in her moving brief, nor did her counsel cite any such authority at

the Pretrial Conference.  State Farm, therefore, requests that the Court permit it to briefly address this point further to correct Plaintiff's incorrect statement.

Contrary to Plaintiff's argument, multiple courts have recognized that an employee who fails to follow an employer's reasonable procedures for requesting accommodations thereby may be precluded from pursuing an ADA failure to accommodate claim. In its opposition to Plaintiff's motion, for example, State Farm cited *Davis v. George Washington University*, 26 F.Supp.3d 103, 115 (D.D.C. 2014), which held that "once an employer has established a fixed set of procedures to request accommodations, the plaintiff-employee's failure to file a request through this procedure could preclude a claim for failure to accommodate."  Other courts are in agreement.  As one district court recently has explained: "Where the employer has established reasonable procedures for making and handling accommodation requests, it may expect its employees to utilize those procedures absent extenuating circumstances." *Bedeski v. Boeing Co.*, 2015 WL 5675427 at *3 (W.D. Wash. 2015). *Accord Williamson v. Clarke County Dept. of Human Res.*, 834 F.Supp.2d 1310, 1321 n. 16 (S.D. Ala. 2011) (an employee fails to participate in the interactive process in good faith when he ignores instructions to fill out the employer's accommodation request form and submit necessary documentation); *Erbel v. Johanns*, 2007 WL 1387331 at *7 (E.D. Tenn. 2007) ("Moreover, when an employer establishes a fixed set of procedures to request accommodations, the employee's failure to file a proper request dooms her claim for failure to accommodate").

In one case, the Court specifically addressed the situation where – as Plaintiff claims to have done here – the employee orally requested to work from home as an accommodation but failed to follow the employer's established accommodation request process.  *See Edwards v. U.S. Envt. Prot. Agency*, 456 F.Supp.2d 72, 102–03 (D.D.C. 2006).  The Court determined that

nothing in the ADA statute, regulations, or case law barred employers "from requiring disabled employees seeking accommodations to comply with a fixed set of procedures." *Id*. The Court held, therefore, that the plaintiff's failure to accommodate claim was barred by his failure to pursue the employer's established process, despite his oral request. The Court explained:

> [Defendant] could not reasonably have been expected to authorize plaintiff to work from home solely on the basis of his unverifiable assurances and without the medical documentation and approval forms that other employees were required to submit.

*Id*. (footnote omitted). Leaving no doubt, the Court concluded: an "employee's oral request cannot trump an employer's established procedure for requesting and approving disability accommodations." *Id*. This is particularly true here, where Plaintiff submitted no recommendation from her doctors for a work from home accommodation.

As reflected in *Edwards* and *Williamson*, this point follows from the interactive process requirement itself. "An employee who is responsible for the breakdown of [the] interactive process may not recover for a failure to accommodate." *Nugent v. St. Lukes-Roosevelt Hospital Center*, 303 Fed. Appx. 943, 946 (2d Cir. 2008); *accord Noel v. BNY-Mellon Corp.*, 514 Fed. Appx. 9 (2d Cir. 2013). As part of the interactive process, an employer properly may seek medical and other information from the employee as required to assess both (1) the need for an accommodation and (2) whether and how the proposed accommodation would address the employee's disability issue. *See* cases cited in State Farm's Trial Brief at p. 13 & n. 4. Thus, the employee must "work together" with the employer "to assess whether an employee's disability can be reasonably accommodated." *McBride v. BIC Consumer Products Mfg. Co.*, 583 F.3d 92, 99 (2d Cir. 2009). A process such as that established by State Farm provides the mechanism for the employer and employee to work together. Absent a showing that the employer's established process is unreasonable, therefore, an employee cannot simply make an oral request for an

6

accommodation and then fail to engage in the established process for the required exchange of information because that is a failure to engage in the interactive process.

Because Plaintiff's failure to engage in State Farm's ADA Accommodation Request process is a failure to engage in the required interactive process, her claim fails. *See McBride*, *supra*; *Nugent*, *supra*; *Noel*, *supra*. Minimally, Plaintiff's motion to exclude relevant evidence regarding State Farm's established process and her decision not to pursue it must be denied.

## CONCLUSION

For the reasons set forth above and in State Farm's Opposition to Plaintiff's *In Limine* Motions and its Trial Brief, State Farm respectfully submits that (1) Plaintiff's *In Limine* motions should be denied, (2) Plaintiff should not be permitted to call Ms. Ercolini, Ms. Streicher, Mr. Johnson, Ms. Livingston, and Ms. Lashley as witnesses, and (3) Plaintiff's failure to pursue State Farm's ADA Accommodation Request process is relevant and, indeed, bars her claim.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

By: /s/ Francis X. Dee
Francis X. Dee
A Member of the Firm

Dated: October 21, 2015