UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAWN HAMPSON,                              )
                                           )
        Plaintiff,                         )
-vs.-                                      )
                                           )    CIVIL ACTION #1:12-cv-00258
STATE FARM MUTUAL AUTO                     )    BKS/CFH
INSURANCE CO.,                             )
                                           )
        Defendants.                        )
_____        )

### PLAINTIFF'S MEMORANDUM OF LAW

Plaintiff, Dawn Hampson, by her attorney, Ronald J. Kim, Esq. hereby files the following in response to Judge Sannes inquiries during the pre-trial conference on October 14, 2015:

I.    SOCIAL SECURITY DISABILITY DETERMINATION:

Ms. Hampson's records of Social Security Disability Insurance ("SSDI") should be excluded from evidence so that the jury does not confuse the standards for determining whether Ms. Hampson is protected qualified individual with a disability. "Unlike the ADA, the Social Security Act does not address the effect of reasonable accommodation on the individual's claim." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 992 F.Supp. 395, 405–406 (SDNY 1998). "As the Supreme Court made clear in *Cleveland,* a simple averment that one is disabled for the purposes of an SSDI application does not preclude the argument that one could, with reasonable accommodation, be gainfully employed." *DeRosa v. Natl. Envelope Corp.*, 595 F3d 99, 103 at 104. (2d Cir. 2010).   The statements on plaintiff's SSDI application "do not contradict [plaintiff's] position on the critical issue of whether [s]he was able to fulfill the essential functions of [her] employment with reasonable accommodation." *Id.* at 105.

Since the Social Security standard for determining if an individual can fulfill the essential function of her job differs from the ADA, all documents, records and submissions made in connection with Ms. Hampson's claims for Social Security Disability Insurance ("SSDI") should be excluded from trial. "[A]n, issue for the jury to determine is whether Plaintiff is a qualified individual with a disability who cannot perform the essential functions of the employment position that she held.    Because this issue is so pivotal to the outcome of this trial, any other determination stating that plaintiff is, or is not "disabled," based on a different standard, would only serve to confuse and mislead the jury.    This confusion would outweigh any probative value." *Chavez v. Waterford School Dist.*, 09-12336, 2011 WL 887784, at 2-3 (ED Mich Mar. 14, 2011).

Under Federal Rules of Evidence 403, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed.R.Evid.*403.    Admitting the Social Security Disability information will mislead this jury and this Court has the discretion to exclude it.

II.    RECEIPT OF SSDI BENEFITS/COLLATERAL SOURCE RULE:

Any evidence that Ms. Hampson received social security benefits after her illegal termination should be excluded from evidence so that the jury does not misuse the evidence in determining State Farm's liability for damages.    Such evidence must be tailored in its use to avoid prejudicial impact regarding the calculation of damages.    "[E]vidence of collateral benefits is readily subject to misuse by a jury....It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse.    Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of

prejudicial impact." *Eichel v. New York Cent. R. Co.,* 375 U.S. 253, 255 (U.S. 1963).

Further, it should be excluded pursuant to FRE 403.   As set forth by *Eichel*, information

regarding SSDI in general is highly prejudicial on its face.   Therefore, evidence of Plaintiff's

social security benefits is more prejudicial than probative and should be precluded for purposes of

mitigating damages.   Although, the decision to apply the collateral source rule to deduct benefits

from damages is in the district courts discretion, State Farm should not receive a windfall for their

unlawful discrimination. "The purpose of the collateral source rule is not to prevent the plaintiff

from being overcompensated but rather to prevent the tortfeasor from paying twice." *E.E.O.C. v.*

*O'Grady*, 857 F.2d 383, 389 (7th Cir 1988) quoting *Perry v. Larson,* 794 F.2d 279, 286 (7th

Cir.1986).   "The collateral source rule thus focuses on what the tortfeasor and collateral source

should pay, not on what the plaintiff should receive.   Indeed, its most obvious effect is that, in the

interest of other social policies, it allows the plaintiffs to be made more than whole for the wrongs

committed against them." *Id.* at 390.

 The Second Circuit has held that the decision whether to apply the collateral source rule to

deduct benefits from a back pay award in an employment discrimination case is in the discretion of

the district court. *Dailey v. Societe Generale,* 108 F.3d 451, 460 (2d Cir.1997).   However, a

"compelling reason" to exercise discretion in favor of refusing to deduct benefit payments is that it

is better to confer a windfall payment to the victim rather than the perpetrator of unlawful

discrimination.  *Id.* at 460-61.   The Second Circuit notes that although collateral source

payments do represent an additional benefit to the plaintiff, "[a]s between the employer, whose

action caused the discharge, and the employee, who may have experienced other noncompensable

losses, it is fitting that the burden be placed on the employer." *Promisel v. First Am. Artificial*

*Flowers, Inc.,* 943 F.2d 251, 258 (2d Cir. 1991) *quoting Maxfield v. Sinclair International,* 766
F.2d 788, 795 (3d Cir.1985) (holding that social security benefits should not be set off from ADEA
lost wages award).   By allowing set-offs of ADA damage awards, State Farm who is otherwise
liable under the statute receives an inadvertent benefit by paying less in damages than intended by
a jury's order.

### 3. LORI ERCOLINI AND COMPARATOR EVIDENCE

The testimony of current State Farm employee Ms. Lori Ercolini, is relevant and admissible
evidence.      FRE 401 states that "evidence is relevant if...it has any tendency to make a fact more
or less probable than it would be without the evidence; and...the fact is of consequence in
determining the action." *Fed.R.Evid.*401.      Further, case law has interpreted this rule to mean the
evidence must have a tendency to make a material fact more or less likely.   Ms. Ercolini's
testimony is highly probative in discrediting defendant's position that Ms. Hampson's proposed
work from home accommodation would have imposed an undue burden on the impact of its
operations and unreasonable costs.

While Hampson and Eroclini's positions are not identical, several circuits including the
Second, have not required an exact correlation between two positions, but only that the "proposed
comparators were similar in all relevant respects...." *Bobo v. United Parcel Serv., Inc.*, 665 F.3d
741,753 (6th Cir. 2012).      In *Graham v. Long Island Railroad*, 230 F.3d 34 (2nd Cir. 2000),
the Court reversed a summary judgment order because comparator evidence had been improperly
excluded,   holding that comparators must be "similar in all material respects...but not perfect
replicas..."      Ms. Ercolini is a nurse reviewer at State Farm. (Ercolini Dep. 6:16—Attached
hereto as Exhibit 1).   As a part of her responsibilities she answers questions over the phone

(Ercolini Dep. 7:18-19) and uses an electronic computer system (Ercolini Dep. 8:10-18). At some time in 2003, Ms. Ercolini requested part time work from home. (Ercolini Dep. 14:4-10) She stated that State Farm came to her house and set up a computer system with fax machine, printer and phones. (Ercolini Dep. 14:13-20). Although Ms. Ercolini is a nurse reviewer while Ms. Hampson was a claims representative, they share similar responsibilities such as answering questions over the phone and using an electronic computer system. While Ercolini's job and position are not identical to the plaintiff's it was similar in all material respects and thus this evidence is admissible and probative.

Finally, even if this Court somehow rejects the notion that Ms. Ercolini's actual work at home is not sufficiently similar to the plaintiff's request to telecommute, the evidence that Ms. Ercolini was provided this accommodation is admissible rebuttal evidence to State Farm's inevitable defense that it terminated Ms. Hampson for a legitimate non-discriminatory reason. Ms. Ercolini's testimony regarding her previous accommodation makes it more likely that State Farm was capable of also providing Ms. Hampson with similar accommodations and directly rebuts the notion that its denial was nondiscriminatory. The jury should hear and be able to weigh, relevant, probative evidence rebutting this assertion, and certainly the fact that Ms. Ercolini was allowed to work at home while the Plaintiff was warned not to even request the accommodation should be part of jury deliberations.

October 19, 2015

RONALD J. KIM
#511156
Attorney for the Plaintiff
Law Offices of Ronald J. Kim
PO Box 318
Saratoga Springs, NY 12866
TEL: (518) 581-8416
FAX: (518) 583-9059
EML:ron@ronaldkimlaw.com
WEB: www.ronaldkimlaw.com